UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| CHARIOT CAMPBELL, | ) |
| Plaintiff,[1] | ) ) ) |
| v. | ) )  Case No. 4:22-cv-04013-SLD |
| KELLY CRAMER, DAWN CHAPMAN, and KEVIN McCLURE, | ) ) ) |
| Defendants. | ) ) |

ORDER

Before the Court are Plaintiff Chariot Campbell's Motion to Amend Judgement, ECF No. 77, construed as a motion for reconsideration; Plaintiff's motion to expedite, ECF No. 87; Plaintiff's Motion for Judgment as a Matter of Law, ECF No. 88; Defendants City of Galesburg ("the City"), Officer Swanson, Officer Sage, Officer Sweeney, and Officer Olinger's (collectively, "the City Defendants") Motion to Strike Plaintiff's Motion to Expedite, ECF No. 91; and the City Defendants' Motion to Strike Plaintiff's Motion for Judgement, ECF No. 93.

For the following reasons, Plaintiff's motion for reconsideration is DENIED; Plaintiff's motion to expedite is STRICKEN; Plaintiff's Motion for Judgment as a Matter of Law is STRICKEN; the City Defendants' Motion to Strike Plaintiff's Motion to Expedite is GRANTED; and the City Defendants' Motion to Strike Plaintiff's Motion for Judgement is GRANTED.

---

[1] Plaintiff's Motion to Amend Judgement and various other pleadings and motions name A.W., A.W., T.D., and A.D., minor children, and Jeannette Moultrie as additional Plaintiffs despite the Court's prior dismissal of them. *See* Mar. 29, 2024 Order 1 n.1, ECF No. 69. The circumstances warranting dismissal of these Plaintiffs have not changed: Plaintiff is still proceeding *pro se* and therefore cannot bring suit on behalf of her minor children, *see Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010), and Moultrie still has not signed any of the pleadings and is therefore noncompliant with Federal Rule of Civil Procedure 11(a). A.W., A.W., T.D., A.D., and Jeannette Moultrie remain dismissed from this suit.

1

**BACKGROUND**

Plaintiff is the mother of four children and is suing Defendants for their involvement in the allegedly wrongful removal of her children in 2021 and 2022. On March 29, 2024, the Court granted motions to dismiss filed by Lutheran Social Services of Illinois ("LSSI"), Elena Rodriguez, Kim Dutton, and Lexi Hager (collectively, "the LSSI Defendants"), ECF No. 43; Illinois Department of Children and Family Services ("DCFS"), ECF No. 46; and the City, ECF No. 52. *See* Mar. 29, 2024 Order 19, ECF No. 69. The Court also denied Plaintiff's Motion For Judgment On the Pleadings, ECF No. 57, and her Motion to Request Counsel, ECF No. 59. *Id.*

**DISCUSSION**

**I.    Motion to Reconsider**

Plaintiff filed a Motion to Amend Judgement, purportedly acting pursuant to Federal Rules of Civil Procedure 59–61, "request[ing] that this Court proceed with correcting errors perceived" by Plaintiff in the Court's March 29, 2024 Order. Mot. Am. J. 1.[2] However, no judgment has been entered, and therefore the Court construes Plaintiff's Motion to Amend Judgement as a motion to reconsider its March 29, 2024 Order pursuant to Rule 54(b). *See United States v. Gerard*, No. 1:14-CV-67-TLS, 2017 WL 4769662, at *1 (N.D. Ind. Oct. 23, 2017) ("Unlike motions to reconsider final judgments, which are governed by Federal Rule of Civil Procedure 59 or 60, a motion to reconsider an interlocutory order under Rule 54(b) may be entertained and granted as justice requires." (alterations and quotation marks omitted)).

**a.    Legal Standard**

Under Rule 54(b), courts have the inherent power to reconsider any order adjudicating fewer than all the claims or rights and liabilities at any time before entry of judgment. *See Moses*

---

[2] The Court uses the page numbers generated by CM/ECF because Plaintiff's Motion to Amend Judgement, Motion to Expedite, and Motion for Judgment as a Matter of Law are not paginated.

2

*H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 & n.14 (1983).[3]  "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982), *aff'd*, 735 F.2d 1367 (7th Cir. 1984), *and aff'd*, 736 F.2d 388 (7th Cir. 1984). A motion to reconsider is proper where the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning but of apprehension. . . . Such problems rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quotation marks omitted). Such motions are not "appropriate vehicle[s] for relitigating arguments that the [c]ourt previously rejected or for arguing issues that could have been raised during the consideration of the motion presently under reconsideration." *United States ex rel. Schagrin v. LDR Indus., LLC*, No. 14 C 9125, 2018 WL 6064699, at *1 (N.D. Ill. Nov. 20, 2018) (first alteration in original) (quotation marks omitted).

   b. Analysis

Plaintiff argues that the Court committed numerous errors in its March 29, 2024 Order. The City summarily responds that Plaintiff's motion for reconsideration has "no merit whatsoever." City's Resp. Pl.'s Mot. Am. J. & Add. 1, ECF No. 79. The LSSI Defendants argue that Plaintiff offers no basis for reconsideration of their dismissal because motions for reconsideration carry a high burden and Plaintiff has provided no additional facts or argument to demonstrate that the Court's prior decision "work[ed] a manifest injustice." LSSI Defs.' Resp.

---

[3] Motions to reconsider brought under Rule 54(b) and motions to amend or alter a judgment brought under Rule 59(e) "are judged by largely the same standards," *Woods v. Resnick*, 725 F. Supp. 2d 809, 827–28 (W.D. Wis. 2010), and both "serve the limited function of allowing the [c]ourt to correct manifest errors of law or fact or to consider newly discovered material evidence," *Morningware, Inc. v. Hearthware Home Prods., Inc.*, No. 09 C 4348, 2011 WL 1376920, at *2 (N.D. Ill. Apr. 12, 2011). Accordingly, the Court draws legal principles from cases addressing motions under both Rule 54(b) and 59(e).

Opp. Pl.'s Mot. Am. J. 3, ECF No. 81 (quoting *Mir v. State Farm Mut. Auto. Ins. Co.*, No. 1:19-cv-1225, 2020 WL 4747879, at *1 (C.D. Ill. Apr. 16, 2020)). The Court addresses each of Plaintiff's requests for relief in turn.

    **i. Request to Unseal Exhibits**

The Court ordered certain that exhibits, ECF Nos. 17-1 & 36-1, be sealed "because they contain unredacted private information" and therefore "do not comply with Federal Rule of Civil Procedure 5.2(a) and Civil Local Rule 5.11(A)." Mar. 29, 2024 Text Order. Plaintiff now requests that the Court unseal the exhibits and asks "this Court on its own" to redact the sealed exhibits, or allow Plaintiff to pick up the exhibits or pay for mailing them so that she can redact the exhibits. Mot. Am. J. 1–2. Plaintiff also asks the Court to "specify what information is being reflected as private." *Id.* at 2.

As to Plaintiff's first request, it is incumbent upon litigants to ensure compliance with procedural rules and the Court will not redact any filings on Plaintiff's behalf. As to her second request, pursuant to Civil Local Rule 11.4(B) the Court does not maintain a physical copy of conventionally filed documents after they have been electronically filed by the Clerk. Therefore, Plaintiff cannot pick up the exhibits because they are no longer in the Court's possession. Moreover, there is no need for the exhibits to be redacted at this point—those exhibits do not form the basis of any Court order. Finally, as to her query about what information is private, the exhibits contain the full names and dates of birth of Plaintiff's minor children in violation of Federal Rule of Civil Procedure 5.2(a) and Civil Local Rule 5.11(A). *See, e.g.*, Exs. Supp. Compl., ECF No. 17-1 at 3–5; Exs. Supp. First Am. Compl., ECF No. 36-1 at 3. Plaintiff has been informed of these privacy protection rules on multiple occasions. *See, e.g.*, June 26, 2023 Text Order; Feb. 8, 2024 Text Order; Mar. 20, 2024 Text Order. Plaintiff has not demonstrated

that the Court made a manifest error of law or fact, *see Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014), and therefore the exhibits shall remain sealed.

    **ii. Request for Counsel**

Plaintiff urges the Court to reconsider its denial of her request for counsel. She seems to believe that the Court's sole reason for dismissing her Amended Complaint, ECF No. 35, was that she made procedural errors and did not present her case as well as an attorney would.

> In conclusion we may infer that [Plaintiff] is 99% certain that she failed to do something that a lawyer would know to do within this Motion and/or previous motions: And we can infer that [Plaintiff] has put in 100% of her very best efforts to represent [herself] in [her] case all while attempting to follow, adjust, and adhere to the Rules. And we can agree 100% that a legal representative would not have made the same errors as [Plaintiff].

Mot. Am. J. 27. Plaintiff argues that her claims were only dismissed because her filings were drafted by her, "a civilian victim," and not by an attorney. *Id.* at 1; *see also id.* at 18 ("Defense and your Honor continue to argue that the Plaintiff[] ha[s] not effectively satisfied the representation of [her] case and/or that plaintiff[] ha[s] not effectively been able to understand how to follow the Federal Rules. . . ."). She emphasizes that she "owe[s] this Duty to [her] kids and self to pursue legal Justice and defend [their] American Rights to the best of [her] capabilities," *id.* at 10, and indicates that the Court's unfavorable decision has made justice for her and her children "unrealistic or nonexistent[—][a]t least without the aid of a legal representative being appointed," *id.* at 18.

Plaintiff argues that Defendants likely would have lost this suit if they had been "forced to defend themselves one on one as [Plaintiff] has been forced to do against all Defendants." *Id.* at 6. She asserts that Defendants "were not tasked with the burden or responsibility for representing themselves," as Plaintiff has been made to do, and that Defendants have been appointed attorneys to represent them. *Id.* at 5–6. She argues that this discrepancy—that she has

5

been "forced" to represent herself while Defendants are represented by attorneys "who were appointed by the State," *id.* at 7–8—is "another valid legal justification" for why the Court should appoint an attorney to represent her in this matter, *id.* at 6.

Plaintiff is under the misapprehension that the Court found that she "failed to provide proof to this Court that [she] diligently attempted to obtain legal aid or legal representation." *Id.* at 11. But the Court found just the opposite: "Plaintiff has established [(1)] that she is unable to afford counsel and [(2)] that she has made diligent efforts to find a lawyer but has been unsuccessful." Mar. 29, 2024 Order 18. Contrary to Plaintiff's belief, the Court did *not* find that she is "useless at effectively representing [herself]," Mot. Am. J. 11, but instead found that she "has done a thorough job representing herself" and that she "demonstrated an awareness of the relevant issues and the ability to gather substantial evidence to support her claims," Mar. 29, 2024 Order 18. Indeed, that is why the Court denied Plaintiff's motion to request counsel. *Id.*

There is a "fundamental premise that indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court." *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). The question is not whether an attorney would present the case more effectively than a self-represented party because if that were the standard, the Court "would be required to request counsel for every indigent litigant." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (quotation marks omitted). Plaintiff has not shown a manifest error of law or fact regarding the denial of her request for counsel and upon reconsideration, Plaintiff's request for counsel remains DENIED.

### iii. Request to Reconsider Dismissal

Plaintiff asks the Court to reconsider its dismissal of the LSSI Defendants, DCFS, and the City. *See generally* Mot. Am. J. In addition, she again asks the Court to add the State of Illinois

6

as a defendant. *Id.* at 5. Plaintiff's request to add the State can be dispensed with quickly: The facts and law remain that (1) a State is not a "person" who can be sued under 42 U.S.C. § 1983, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), and (2) the Eleventh Amendment provides States with sovereign immunity which bars suit against a State under § 1983. *See* Mar. 29, 2024 Order 1 n.2. For the same reasons, DCFS also remains dismissed because it is entitled to sovereign immunity and cannot be sued for damages under § 1983. *Id.* at 11–12.

As to her request to reconsider dismissal of the claims against the LSSI Defendants and the City, Plaintiff writes that her main complaint against Defendants is that they abducted her children and have held them hostage since 2021 and the primary relief she seeks is for the Court to "order the reunification between [Plaintiff] and her children." Mot. Am. J. 8. Plaintiff asserts that the Court found that Defendants clearly violated her constitutional rights and committed a "multitude of crimes," *id.* at 2, but that the Court only dismissed the Amended Complaint due to pleading technicalities, *see, e.g., id.* at 8, 18.

Despite Plaintiff's belief, the Court dismissed the Amended Complaint because there were legal deficiencies—not simply technical errors. The Court construed Plaintiff's pleadings liberally as it is required to do for all *pro se* litigants, *see Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999), and found that her claims fail as a matter of law.

The Court had no basis to conclude that the LSSI Defendants were state actors, which is a necessary element of a § 1983 claim. Mar. 29, 2024 Order 9–11; *West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). The Amended Complaint did not contain factual allegations to support the assertion that the LSSI Defendants are state actors, and

7

without meeting that threshold requirement, the LSSI Defendants cannot be liable for constitutional violations as a matter of law.

Similarly, the Court held that Plaintiff's claims against the City, brought under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), failed because the Amended Complaint only alleged wrongdoing by individual City employees in their interactions with Plaintiff and those facts alone cannot establish liability. Mar. 29, 2024 Order 12–14. A city cannot be held liable under § 1983 for the actions of its employees. *Monell*, 436 U.S. at 691 ("[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."). A city can only be held liable when it is "directly responsible for the constitutional deprivation." *Ruiz-Cortez v. City of Chicago*, 931 F.3d 592, 598 (7th Cir. 2019).

Plaintiff devotes much of her motion for reconsideration to reiterating the same allegations and arguments that the Court rejected. *Compare, e.g.*, Mot. Am. J. 16 (alleging that LSSI refused to provide Plaintiff with the Walker case plan) *with* Mar. 29, 2024 Order 9–10 (same). "Motions to reconsider are not at the disposal of parties who want to 'rehash' the same arguments." *McCready v. eBay, Inc.*, No. 03-CV-2117, 2005 WL 8163321, at *1 (C.D. Ill. Apr. 18, 2005) (quotation marks omitted); *see also Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."). Plaintiff has not shown that the Court made a manifest error of law or fact by dismissing the claims against the LSSI Defendants, DCFS, and the City. Accordingly, her request for reconsideration is DENIED.

### iv. Request to Order State Courts to Provide Relief

Plaintiff asks this Court to "order[] Knox County court to surrender their court records against [Plaintiff] . . . for review of this Court to ensure that Knox County court has in no way deprived [Plaintiff], itself or in accomplice with any defendants." Mot. Am. J. 5. Despite Plaintiff's assertion that "this Court does have the power to grant this relief," *id.* at 8, it is well established that federal courts generally do *not* have the power to intervene in ongoing juvenile and family state court disputes, *see* May 13, 2024 Text Order; *J.B. v. Woodard*, 997 F.3d 714, 722 (7th Cir. 2021) ("[The plaintiff] cannot compel the adjudication of claims that would inject a federal court into a contested and ongoing family court custody dispute. . . . Exercising federal jurisdiction over [the plaintiff's] claims would 'reflect a lack of respect for the state's ability to resolve [these issues] properly before its courts.'" (quoting *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 679 (7th Cir. 2010)) (third alteration in original))).

A motion for reconsideration can provide a remedy when a court "has patently misunderstood a party," *Bank of Waunakee*, 906 F.2d at 1191 (quotation marks omitted), but here, Plaintiff has not been misunderstood. This Court cannot provide the relief Plaintiff asks for and accordingly, her request for this Court to order state courts to provide relief to Plaintiff is DENIED.

**II.     Motion to Expedite, Motion for Judgment as a Matter of Law, and Motions to Strike**

Plaintiff filed a document entitled "Brief Background, Plaintiff's Impact Statement, & Motion to Expedite by Plaintiff[]" in which she appears to move for summary judgment under Federal Rule of Civil Procedure 56. *See* Mot. Expedite 1 (citing Google AI Overview of Fed. R. Civ. P. 56). She also filed "Motion 50 By Plaintiff[] For Judgment As A Matter Of Law and Supplemental Pleadings & Memorandum of Law," invoking Illinois civil procedural rules. *See*

9

*generally* Mot. J. Matter L.  The LSSI Defendants primarily argue that both motions should be denied because they are premature and because the *Younger* abstention doctrine prohibits this Court from interfering in ongoing state juvenile court proceedings.  LSSI Defs.' Resp. Opp. Pl.'s Mot. Expedite, ECF No. 90; LSSI Defs.' Resp. Opp. Pl.'s Mot. J. Matter L., ECF No. 94.  The City Defendants move to strike both motions as frivolous.  City Defs.' Mem. Supp. Mot. Strike Pl.'s Mot. Expedite, ECF No. 91 at 2–5; City Defs.' Mem. L. Supp. Defs.' Mot. Strike Pl.'s Mot. J., ECF No. 93 at 2–5.  The Court addresses Plaintiff's motions together because they both suffer from the same procedural faults.

Pursuant to Federal Rule of Civil Procedure 12(f), a court has the authority to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  As a general rule, motions to strike are disfavored because "they potentially only delay the proceedings." *Edwards v. Mack Trucks, Inc.*, 310 F.R.D. 382, 386 (N.D. Ill. 2015).  "But where, as here, motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

As a *pro se* litigant, Plaintiff's filings must be "liberally construed" by this Court, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks omitted), a rule that is intended "to forgive the kinds of technical pleading errors non-lawyers might make," *Booker v. Johnsonville Sausage LLC*, No. 16-CV-1047-JPS, 2017 WL 2773670, at *2 (E.D. Wis. June 26, 2017).  Even construing them liberally, however, Plaintiff's motions must be denied.

Plaintiff asserts that the decisions made by the state courts in the juvenile proceedings regarding her parental fitness are erroneous because they were based on false statements from Defendants.  Mot. Expedite 16–17; Mot. J. Matter L. 20–24.  Plaintiff requests, among other things, for this Court to "cancel, reform or modify DCFS, LSSI, State's and the Knox County

10

agreement regarding the plaintiff's cases and the rights established by the agreement regarding the plaintiff[']s fitness, service requirements and eligibility for reunification and Permanency goals." Mot. J. Matter L. 24. As Plaintiff has been informed on multiple occasions, the Court cannot overturn or direct ongoing state court proceedings. Plaintiff's goal with this lawsuit is "to receive a favorable federal constitutional ruling that can be used affirmatively or offensively to shape—or perhaps change—the direction and course of the state court proceedings." *J.B.*, 997 F.3d at 723. But if this Court were to adjudicate Plaintiff's due process claims regarding the alleged wrongful taking of her children by Defendants, that would "threaten interference with and disruption of local family law proceedings—a robust area of law traditionally reserved for state and local government—to such a degree as to all but compel the federal judiciary to stand down." *Id.* The Court lacks jurisdiction to grant the relief Plaintiff seeks via these motions.

Moreover, the Amended Complaint was almost entirely dismissed. The only claims that remain are those asserted against Kevin McClure, Kelly Cramer, and Dawn Chapman because those Defendants had not been served with the Amended Complaint. Plaintiff has sought leave to file a second amended complaint and the Court has not ruled on that motion yet. It is premature to move for summary judgment—particularly in such a broad manner that does not connect the requests for relief to any of the remaining Defendants—while simultaneously seeking leave to file an amended complaint which would supersede the existing complaint. *Cf. Stanley v. Hollingsworth*, 307 F. App'x 6, 10 (7th Cir. 2009) (holding that district court did not abuse its discretion in denying summary judgment motion as premature before the defendants had answered or otherwise responded).

Because the Motion to Expedite and Motion for Judgment as a Matter of Law are redundant, premature, and request relief outside the Court's jurisdiction, those motions are

STRICKEN pursuant to Rule 12(f). The City Defendants' motions to strike are accordingly GRANTED.

As a final procedural matter, the Court notes that the exhibits included with the Motion to Expedite contains unredacted private information about Plaintiff's minor children in violation of Federal Rule of Civil Procedure 5.2(a) and Civil Local Rule 5.11(A). The Court therefore directs the Clerk to SEAL the exhibits filed with the Motion to Expedite.

## CONCLUSION

For the foregoing reasons, Plaintiff Chariot Campbell's Motion to Amend Judgement, ECF No. 77, is DENIED; Plaintiff's Motion to Expedite, ECF No. 87, is STRICKEN; Plaintiff's Motion for Judgment as a Matter of Law, ECF No. 88, is STRICKEN; Defendants City of Galesburg, Officer Swanson, Officer Sage, Officer Sweeney, and Officer Olinger's (collectively, "the City Defendants") Motion to Strike Plaintiff's Motion to Expedite, ECF No. 91, is GRANTED; and the City Defendants' Motion to Strike Plaintiff's Motion for Judgement, ECF No. 93, is GRANTED.

The Clerk is directed to SEAL the exhibits attached to Plaintiff's Motion to Expedite, ECF No. 87-1.

Entered this 4th day of March, 2025.

s/ Sara Darrow<br>
SARA DARROW<br>
CHIEF UNITED STATES DISTRICT JUDGE