UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| CHARIOT CAMPBELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:22-cv-04013-SLD |
| | ) |
| KELLY CRAMER, DAWN CHAPMAN, | ) |
| and KEVIN McCLURE,[1] | ) |
| | ) |
| Defendants. | ) |

### ORDER

Before the Court is Plaintiff Chariot Campbell's Amended Complaint, ECF No. 82, construed as a motion for leave to file a Second Amended Complaint; Defendants City of Galesburg, Officer Swanson, Officer Sage, Officer Sweeney, and Officer Olinger's (collectively, "the City Defendants") Motion for Sanctions, ECF No. 95 at 1; and Plaintiff's Motion to Introduce Additional Claim Against Defendants, ECF No. 98. For the following reasons, the three motions are DENIED.

### BACKGROUND

The factual background of this case has been recounted in detail by the Court in its previous Orders. Mar. 31, 2023 Order 2–8, ECF No. 32; Mar. 29, 2024 Order 2–7, ECF No. 69. To summarize briefly: Plaintiff filed this lawsuit on January 21, 2022. Compl., ECF No. 1. She is suing Defendants—numerous private and governmental agencies and employees—for their involvement in the allegedly wrongful removal of her four children in 2021 and 2022. In March

---

[1] The only remaining Defendants after the Court's March 29, 2024 Order were Kelly Cramer, Dawn Chapman, and Kevin McClure because they had not been properly served with the Amended Complaint and the Court had *sua sponte* extended the deadline for service to May 20, 2024. *See* Mar. 29, 2024 Order 1 n.2, 19; Mar. 19, 2024 Text Order (Hawley, M.J.). The Court presumes familiarity with the factual record and prior Orders.

1

2023, the Court granted in part and denied in part motions to dismiss filed by some Defendants, *see* Mar. 31, 2023 Order, and on May 9, 2023, Plaintiff filed an Amended Complaint, ECF No. 35.  On March 29, 2024, the Court granted motions to dismiss filed by Defendants who had appeared, *see* Mar. 29, 2024 Order, and later informed Plaintiff that she could file a motion for leave to file an amended complaint if she "believe[d] she [could] cure the deficiencies identified in the Court's March 29, 2024 Order," Apr. 19, 2024 Text Order.  Plaintiff filed the instant motion seeking to amend her complaint a second time.  While this motion to amend was pending, Plaintiff filed two other motions, and in response, the City Defendants filed a motion for sanctions against Plaintiff.

## DISCUSSION

**I.  Motion to Amend Complaint**

Plaintiff filed what is titled "Amended Complaint," which the Court construes as a motion for leave to file a Second Amended Complaint because the first sentence of the document reads, "Now come we, the plaintiffs, People of the State, with this prayer that Your Honor grant Leave of Court so that we may amend our complaint in pursuit of justice regarding these ongoing matters before You." Mot. Am. Compl. 1.[2]  Lutheran Social Services of Illinois ("LSSI"), Elena Rodriguez, Kim Dutton, and Lexi Hager oppose the motion to amend, arguing that Plaintiff has failed to follow procedural rules and that any amendment would be futile.  *See generally* LSSI Resp. Opp. Mot. Am. Compl., ECF No. 84.  The City of Galesburg also opposes the motion, arguing that the proposed amendments are futile and would result in undue prejudice to the added individual Defendants.  *See generally* City Resp. Opp. Mot. Am. Compl., ECF No. 85.

---

[2] The Court uses the page numbers generated by CM/ECF because the motion for leave to file a Second Amended Complaint is not paginated.

Following the City of Galesburg's Response, Plaintiff filed a document entitled "Plaintiff's Counter-Argument to Defense's Motion to Oppsose [sic] Plaintiff's Amended Complaint," ECF No. 86, which the Court construes as a reply in support of her motion for leave to file an amended complaint. However, pursuant to Civil Local Rule 7.1(B)(4), a litigant is not permitted to file a reply without the Court's approval. Plaintiff did not seek the Court's approval before filing her reply. The Court, therefore, STRIKES "Plaintiff's Counter-Argument to Defense's Motion to Oppsose [sic] Plaintiff's Amended Complaint" and will not consider it.

a. **Legal Standard**

When a party seeks to amend a pleading, Federal Rule of Civil Procedure 15(a)(2) requires a court to "freely give leave when justice so requires." Courts must apply a "liberal standard for amending pleadings . . . to ensure that cases will be decided justly and on their merits." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015). "[A] plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed." *Id.* at 519; *see also Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) ("That leave be 'freely given' is especially advisable when such permission is sought after the dismissal of the first complaint." (quoting Fed. R. Civ. P. 15(a)(2))). In keeping with "the spirit of the Federal Rules," *Foman v. Davis*, 371 U.S. 178, 182 (1962), a plaintiff must "be given every opportunity to cure a formal defect in [her] pleading," *Barry Aviation*, 377 F.3d at 687 (quoting 5A Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (2d ed. 1990)). The liberal standard of Rule 15(a)(2) holds singular significance for plaintiffs proceeding *pro se* because "a *pro se* complaint, however

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks omitted).

A court should grant leave to amend "[u]nless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Runnion*, 786 F.3d at 519–20 (quotation marks omitted). Reasons that could justify denying leave to amend include undue delay, bad faith or dilatory motive on the part of the plaintiff, repeated failure to cure deficiencies, undue prejudice to the defendants, and futility of the proposed amendments. *Foman*, 371 U.S. at 182. Where the potential basis for denial is futility, courts "apply the legal sufficiency standard of Rule 12(b)(6) to determine whether the proposed amended complaint fails to state a claim." *Bernacchi v. First Chi. Ins. Co.*, 52 F.4th 324, 328 (7th Cir. 2022) (quotation marks omitted). Denial of a motion to amend is warranted "if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss." *Smith v. Lutheran Life Ministries*, No. 21 C 2066, 2023 WL 3602679, at *4 (N.D. Ill. May 23, 2023) (quotation marks omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). The factual allegations of the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In evaluating a Rule 12(b)(6) motion, the court accepts the complaint's factual allegations, but not any legal conclusions, as true, *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011), and draws all reasonable inferences in the plaintiff's favor, *Taha v. Int'l Bhd. of Teamsters, Loc. 781*, 947 F.3d 464, 469 (7th Cir. 2020).

### b. Analysis

Plaintiff's proposed Second Amended Complaint seeks to add four Plaintiffs and numerous Defendants, some of whom are new and some of whom were previously dismissed. The Court organizes the twenty-three Defendants into four categories for clarity of analysis and takes up each in turn, after first addressing the request to add additional Plaintiffs.

### i. Additional Plaintiffs

The proposed Second Amended Complaint and various other pleadings and motions name A.W., A.W., T.D., and A.D., minor children, and Jeannette Moultrie as additional Plaintiffs despite the Court's prior dismissal of them. *See* Mar. 29, 2024 Order 1 n.1. The circumstances commanding dismissal of these Plaintiffs have not changed: Plaintiff is representing herself and therefore cannot bring suit on behalf of her minor children, *see Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010) ("[A] next friend may not, without the assistance of counsel, bring suit on behalf of a minor party."); and Moultrie has not signed any of the pleadings, such that her inclusion violates Federal Rule of Civil Procedure 11(a). Plaintiff's request for leave to amend her complaint to add A.W., A.W., T.D., A.D., and Jeannette Moultrie as Plaintiffs is DENIED.

### ii. Individual Defendants

The first Defendant category is Individual Defendants and consists of: (1) Travis Walker, the father of Plaintiff's minor children A.W. and A.W.; (2) Mary Walker (*née* Christie), Travis Walker's partner; and (3) Tim Davis, the father of Plaintiff's minor children T.D. and A.D.

Plaintiff alleges that "the three civilian culprits"—Travis Walker, Mary Walker, and Tim Davis—"all suffer from varying degrees of acute narcissistic personality disorders coupled with psycho-sociopathic tendencies." Mot. Am. Compl. 17. Plaintiff seeks to hold the City—whether

she means Galesburg or Peoria is unclear because she includes both when describing these allegations—responsible for "allowing these psychopaths to move freely . . . [and] wreak[] havoc on patron citizens in otherwise good standing." *Id.* at 16–17. She briefly indicates that her children were abused by the three Individual Defendants throughout 2021 and 2022. *Id.* at 18. She also alleges that on February 24, 2021, Travis kidnapped the Walker children and interfered with Plaintiff's custody. *Id.* at 20 (citing 720 ILCS 5/10-5 (defining the crime of child abduction); 720 ILCS 5/10-6 (defining the crime of harboring a runaway)). As to Davis, Plaintiff alleges that on January 1, 2021, Davis spoke with Galesburg Police Department officers and that he lied when he told them (1) that Plaintiff "was a drug addicted prostitute that characteristically reverted to regularly running the streets, soliciting her body in exchange for maintenance of of drunk and high [sic], that she could not otherwise afford herself"; and (2) that Davis himself was solely "responsible for all of the kids, bills, expenses and duties of the home and household." *Id.* at 18–19. Plaintiff asserts that after this interaction, Davis "continued to assault, threaten and otherwise harass [Plaintiff]." *Id.* at 19.

Plaintiff's proposed amendments as to the Individual Defendants are futile for several reasons. First, to the extent Plaintiff seeks to hold the Individual Defendants criminally liable for violations of Illinois state law, that is beyond the power which is conferred on this Court by the Constitution. *See Allison v. Snyder*, 332 F.3d 1076, 1079 (7th Cir. 2003) (recognizing that the Constitution does not "permit a federal court to enforce state laws directly"). In any event, there generally is no private right of action for enforcement of criminal laws. *See Chapa v. Adams*, 168 F.3d 1036, 1038 (7th Cir. 1999) ("Criminal statutes, which express prohibitions rather than personal entitlements and specify a particular remedy other than civil litigation, are accordingly poor candidates for the imputation of private rights of action."). Moreover, Plaintiff's allegations

6

against the Individual Defendants are too vague and conclusory to support a claim. *See Kunferman v. Bd. of Regents of Univ. of Wis. Sys.*, No. 09-cv-662-bbc, 2010 WL 2486351, at *2 (W.D. Wis. June 16, 2010) (dismissing complaint after finding that the "factual allegations [we]re almost always entangled with conclusory statements, commentary or vague statements").[3] Plaintiff's request for leave to add claims against the Individual Defendants is DENIED.

### iii. Municipal Defendants

The second Defendant category is Municipal Defendants and consists of: (1) the City of Galesburg; (2) Knox County on behalf of Galesburg Police Department; (3) Officer Swanson; (4) Officer Sage; (5) Officer Sweeney; (6) Officer Olinger; (7) Knox County Judge Curtis Lane; (8) Knox County Assistant State's Attorney ("ASA") Loc Le; (9) the City of Peoria; and (10) Peoria County.[4] The action has already been dismissed against Officers Sage, Sweeney, and Olinger because Plaintiff failed to timely and properly serve them. *See* July 6, 2023 Text Order. To assert new claims against those Defendants would require Plaintiff to file a new suit against

---

[3] In *Kunferman*, Judge Barbara B. Crabb offered sage guidance to *pro se* litigants on how to properly draft pleadings:
> Pro se litigants often struggle to separate truly factual statements from vague or conclusory statements, so here are a couple of pointers. As a general rule, conclusory allegations are what plaintiff *thinks* about a particular thing or act (so-and-so was manipulative, dishonest, fraudulent, conspiratorial or malicious) and factual allegations are what was or may have been *observed* about the thing or act (so-and-so destroyed the documents, made an arrest, pressed charges or said "X," knowing that "Y" was the truth). As for vagueness, an allegation is too vague if it does not provide enough information to allow a person reading the allegation to know *what* thing or act is being described or distinguish it from other things or acts. Thus, "defendant hid documents from my files" may be too vague while "defendant hid all documents related to my college discipline" would not be) [sic]. In considering whether a statement is too vague, plaintiff should ask himself whether someone who knew nothing about his case would know what he is describing.

*Kunferman*, 2010 WL 2486351, at *3.

[4] The Court includes Knox County and Peoria County in the "Municipal Defendants" category because a "county is a municipal entity" for purposes of determining *Monell* liability. *Los Angeles County v. Humphries*, 562 U.S. 29, 32 (2010); *see also Deeren v. Anderson*, 72 F.4th 229, 237 (7th Cir. 2023) ("Under *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), a county may be liable for a deprivation of an individual's constitutional rights that result from an official policy, custom, or practice."). Judge Lane and ASA Le are also included in this category because they are being sued in their capacities as employees of Knox County.

them. *See United States v. Ligas*, 549 F.3d 497, 502 n.2 (7th Cir. 2008) ("[A]fter a dismissal without prejudice, the plaintiff can resurrect his lawsuit only by filing a new complaint.").

In its March 29, 2024 Order, the Court dismissed the City of Galesburg after finding that Plaintiff had not adequately alleged a constitutional violation caused by: "(1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." Mar. 29, 2024 Order 12–14 (quoting *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010)). Plaintiff argues that "[o]bviously, [Knox County State's Attorney Jeremy] Karlin, [Judge] Lane, and the State are policymakers with final decision[-]making authority" and that they are "at fault for failure to remedy" all the bad acts committed by various Defendants such as kidnapping, abduction, filing false reports, fraud, evidence tampering, and obstruction of justice. Mot. Am. Compl. 26–27.

"In order to have final policymaking authority, an official must possess responsibility for making law or setting policy, that is, authority to adopt rules for the conduct of government." *Rasche v. Village of Beecher*, 336 F.3d 588, 599 (7th Cir. 2003) (alterations and quotation marks omitted). Despite Plaintiff's assertions, judges and prosecutors are not automatically or inherently responsible for making law or setting policy, and Plaintiff has provided no specific facts that would tend to indicate otherwise. Additionally, as the Court articulated in its March 29, 2024 Order, a State is not a person for purposes of 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Plaintiff further argues that the City of Galesburg's "implicit and/or blatant discrimination, obtuse bias, turning a blind-eye, and general gross incompetence" is evidence of improper training and/or supervision. Mot. Am. Compl. 27. Failure to train or supervise can

8

support municipal liability where a plaintiff shows proof of "deliberate indifference" by the municipality. *Sornberger v. City of Knoxville*, 434 F.3d 1006, 1029 (7th Cir. 2006). "Deliberate indifference," though, "is a stringent standard of fault, [and] require[es] proof that a municipal actor disregarded a known or obvious consequence of his action," *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 410 (1997), and Plaintiff has not alleged any additional facts to meet that stringent standard.

Plaintiff's other proposed amendments fare no better because they are merely repetitive of her prior allegations. For example, she continues to allege that the removal of her children was wrongful and that various Defendants conspired and lied. Mot. Am. Compl. 20–25; Am. Compl. 30–31. Additionally, she still does not identify a widespread custom or practice to justify imposing liability on Knox County, the City of Galesburg, or the City of Peoria, only alleging facts related to her personal experiences. *See Palmer v. Marion County*, 327 F.3d 588, 596 (7th Cir. 2003) (explaining that "isolated acts of misconduct will not suffice; a series of violations must be presented" as evidence of a widespread practice or custom under *Monell*).

As to ASA Le, Plaintiff's claims against him would not survive a motion to dismiss because he is entitled to prosecutorial immunity. "A prosecutor is absolutely immune from suit for all actions and decisions undertaken in furtherance of his prosecutorial duties." *Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012). Similarly, Judge Lane is entitled to judicial immunity. "A judge is absolutely immune from liability for his judicial acts . . . ." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Because Plaintiff's allegations against ASA Le and Judge Lane address actions they took in furtherance of their duties, they are entitled to absolute immunity, and the claims against them would be dismissed.

Because Plaintiff has not cured the deficiencies in her previous complaint and her proposed amendments would be futile, her request for leave to amend her complaint as to the Municipal Defendants is DENIED.

### iv. DCFS Defendants

The third Defendant category is the DCFS Defendants and consists of: (1) Illinois Department of Children and Family Services ("DCFS"); (2) Lisa Zimmerman; (3) Kelly Cramer; and (4) Lyndie Champion. Plaintiff clarifies in her motion to amend that Defendant "Dawn Chapman," as she was named in the Amended Complaint, is actually named "Lyndie Champion." Mot. Am. Compl. 6 ("[O]ne of the workers who said her name was Dawn Chapman . . . is evidently actually Lyndie Champion. . . .").

Plaintiff asserts that DCFS workers Zimmerman, Cramer, and Champion "can be held accountable for their personal violations committed" during the abduction of the Davis children. *Id.* at 12. Plaintiff believes that "DCFS had no valid legal justification to remove" the Davis children from her home, and that DCFS "effectively commit[ed] [a]bduction." *Id.* at 15. Plaintiff alleges that it was the false statements made by DCFS workers that led to the Davis children being wrongfully removed from her custody. *Id.* at 12–16.

A court is within its discretion to deny leave to amend if the proposed amendment is "merely repetitive" of prior complaints. *Jefferson v. Myles*, 63 F. App'x 891, 893 (7th Cir. 2003). Here, Plaintiff's "amended" allegations against the DCFS Defendants are largely repetitive of the allegations that have already been dismissed by the Court. *See, e.g.*, Mar. 31, 2023 Order 18–25 (dismissing claims against DCFS based on Plaintiff's allegations that the DCFS workers included false information in their reports). Accordingly, Plaintiff's motion for leave to amend her complaint with respect to the DCFS Defendants is DENIED.

### v. LSSI Defendants[5]

The fourth and final Defendant category is the LSSI Defendants and consists of: (1) LSSI; (2) Elena Rodriguez; (3) Kim Dutton; (4) Lexi Hager; (5) Kevin McClure; and (6) Savanah Vance.

The Court's reasoning for dismissing the LSSI Defendants in its prior Order was that Plaintiff had not properly alleged that they were state actors and therefore had not established the under-color-of-state-law element of a § 1983 claim. Mar. 29, 2024 Order 9–11. In her motion to amend, Plaintiff alleges that the LSSI Defendants "are all state actors in the State of their occupation and plaintiffs [sic] citizen residency and wherefore the violations did occur." Mot. Am. Compl. 2. Plaintiff also alleges that the LSSI Defendants have violated several Illinois state laws. For example, Plaintiff alleges that several of the LSSI Defendants violated 625 ILCS 5/11-401 and breached their "duty to give information and render aid" when they refused to provide her with information related to the Walker case plan. *See, e.g.*, *id.* at 2–10.

Section 1983 provides a private right of action for a plaintiff to seek redress for constitutional violations. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). To satisfy the under-color-of-state-law element, a defendant must "fairly be said to be a state actor." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotation marks omitted). "[S]tate action is something that plaintiff[s] must support in their complaints with factual allegations, rather than simply formulaic recitations, and . . . failure to do so will result in

---

[5] In its March 29, 2024 Order, the Court named LSSI, Rodriguez, Dutton, and Hager as the collective "LSSI Defendants." *See* Mar. 29, 2024 Order 1. Here, the Court additionally includes McClure and Vance as "LSSI Defendants" because the same analysis applies to them.

11

dismissal." *Lewis v. Metro Enf't*, No. 15-cv-50264, 2016 WL 861295, at *4 (N.D. Ill. Mar. 7, 2016) (citing *Hallinan v. Fraternal Ord. of Police*, 570 F.3d 811, 820 (7th Cir. 2009)).

Plaintiff's proposed amendments do not cure the deficiencies identified by the Court. Plaintiff has not provided no additional factual detail to show that the LSSI Defendants are "state actors"—her conclusory assertion is insufficient to support liability. *See Brown v. Wexford Health Sources, Inc.*, No. 18-cv-5955, 2020 WL 362785, at *3 (N.D. Ill. Jan. 22, 2020) ("[The plaintiff] must allege more than the conclusory assertion that [the defendant] 'acted under color of state law.'"). Moreover, Plaintiff's allegations that the LSSI Defendants violated Illinois state law are misplaced because a federal court cannot enforce state laws directly. *See Allison*, 332 F.3d at 1079. And even so, the state law that was allegedly broken when the LSSI Defendants refused their "duty to give information and render aid" applies to motor vehicle crashes and Plaintiff has alleged no facts about a motor vehicle crash. *See, e.g.*, Mot. Am. Compl. 2 ("Elena Rodriguez was in violation of 625 ILCS 5/11-401 and 11-403 'Duty to give information and render aid', for her blatantly [sic] incompetence in her refusal and disregard to her Duty in providing [Plaintiff] with any [information about her juvenile case]."); 625 ILCS 5/11-403 ("Duty to give information and render aid. The driver of any vehicle involved in a motor vehicle crash resulting in injury . . . or death . . . shall give the driver's name, address, registration number and owner of the vehicle . . . and shall render to any person injured in such crash reasonable assistance . . . ."). Because Plaintiff's claims would not survive dismissal, Plaintiff's motion to amend her complaint with respect to the LSSI Defendants is DENIED.

In sum, the Court finds that the amendments Plaintiff seeks to add are futile and repetitive and accordingly, the Court DENIES Plaintiff's motion for leave to file a Second Amended Complaint. Plaintiff's proposed amendments would not survive a third motion to dismiss, and

the Court is therefore within its discretion to deny leave to amend. *See Smith*, 2023 WL 3602679, at *4; *cf. Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601, 607 (7th Cir. 2013) ("There is no practical difference, in terms of review, between a denial of a motion to amend based on futility and the grant of a motion to dismiss for failure to state a claim." (quotation marks omitted)).

After three years and numerous opportunities to revise her allegations to be "simple, concise, and direct," Fed. R. Civ. P. 8(d), Plaintiff continues to put forth "a general 'kitchen sink' approach to pleading the case," *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011). *See, e.g.*, Mot. Am. Compl. 1 (alleging that Defendants violated "42 U.S.C subsection 1981 (a)(b)(c) and 1983" and deprived Plaintiff of her "4th, 5th, 6th, 8th, 9th, 13th, 14th and 15th Amendment rights"); *id.* at 22 (alleging that Officer Williams[6] "violated ILCS; 625 ILCS 10/; 740 ILCS 90/; 625 ILCS 5/11-401; and 20 ILCS 505-21" and deprived Plaintiff of her "4th,5th, 6th, 8th, 9th, 13th, 14th and 15th Amendment rights" and "violated 11-6.5 (Indecent Solicitation to an Adult); 11-21 (harmful material); and 11-20 (obscenity) of the Illinois Criminal Code").

The Court declines to grant Plaintiff any further opportunities to amend her complaint and dismisses this suit with prejudice. *Cf. Gonzalez-Koeneke v. West*, 791 F.3d 801, 808 (7th Cir. 2015) ("A district court acts within its discretion in denying leave to amend, either by dismissing a complaint with prejudice or by denying a post-judgment motion, when the plaintiff fails to demonstrate how the proposed amendment would cure the deficiencies in the prior complaint."); *Frederiksen v. City of Lockport*, 384 F.3d 437, 439 (7th Cir. 2004) ("[T]he district court was within its discretion to dismiss with prejudice when, after four opportunities spread over more than two years, plaintiffs still had not complied with [the pleading requirements set forth in the Federal Rules of Civil Procedure]."); *Stanard*, 658 F.3d at 798 (affirming dismissal

---

[6] Officer Williams is not named as a Defendant in the proposed Second Amended Complaint.

with prejudice and denial of leave to amend when the plaintiff's "third attempt to draft a comprehensible pleading" consisted of "a vague, confusing, and conclusory articulation of the factual and legal basis for the claims").

## II.  City Defendants' Motion for Sanctions

While the instant motion to amend was pending, Plaintiff filed two other motions, ECF Nos. 87 & 88, both requesting that this Court interject in Plaintiff's ongoing cases in juvenile court to restore Plaintiff's parental rights and reunite her with her children.[7] The City Defendants now seek sanctions against Plaintiff for filing frivolous pleadings with no regard for procedural rules and ignoring admonitions from this Court. *See generally* City Defs.' Mem. Supp. Mot. Sanctions, ECF No. 95 at 2–6. The City Defendants grouse that they "are being caused to expend considerable effort in addressing these inappropriate pleadings" because they "[u]nfortunately . . . are required to respond to the pleading[s]." *Id.* at 2, 4. Plaintiff filed a "Rebuttal to the City's Motion to Sanction the Plaintiff[]," ECF No. 97, opposing the Motion for Sanctions. Plaintiff argues that the motion should be denied because "[she] [has] violated no Rules or laws," Pl.'s Rebuttal Mot. Sanctions 1, then devotes the remainder of her response to repeating the same factual allegations and providing a narrative of new events that have occurred since her last filing with the Court.[8] Plaintiff's response must be stricken for several reasons.

First, the response is untimely. The City Defendants filed a Certificate of Service, ECF No. 92, on October 8, 2024, indicating that they mailed the Motion for Sanctions to Plaintiff via Certified Mail in accordance with Federal Rules of Civil Procedure 11(c)(2) and 5(b)(2)(C). Rule 11(c)(2) provides:

---

[7] Ultimately the Court struck both motions after finding that they were "redundant, premature, and request[ed] relief outside the Court's jurisdiction." Mar. 4, 2025 Order 11–12, ECF No. 105.
[8] The Court uses the page numbers generated by CM/ECF because "Plaintiff's Rebuttal to the City's Motion to Sanction the Plaintiff[]" is not paginated.

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Plaintiff did not withdraw or correct the challenged pleadings within 21 days so the City Defendants filed their Motion for Sanctions with the Court on October 29, 2024, and provided a Certificate of Service indicating that the motion had been mailed to Plaintiff by that same day. *See* Certificate Serv., ECF No. 95 at 6. On December 5, 2024, the City Defendants filed a Notice of Inability to Serve, ECF No. 96, apprising the Court that they had attempted to serve Plaintiff with the Motion for Sanctions via Certified Mail at 186 W. 3rd Street, but the mail was returned as undeliverable because the addressee was unknown. *See* USPS Tracking, Not. Inability Serve Ex. 1, ECF No. 96 at 3–6. Plaintiff filed her response on January 23, 2025, over three months after the Motion for Sanctions was first mailed to her, and yet she asserts that she cannot "definitively counter" the motion because "[she] ha[s] yet to receive the City's Motion to Sanction." Pl.'s Rebuttal Mot. Sanctions 1. Plaintiff accuses the City Defendants of intentionally mailing the motion to the wrong address and declares that she "previously pled numerous times since 2023 that [she] no longer reside[s] at the address on file [*i.e.*, 186 W. 3rd Street], but instead reside[s] at [her] apartment." *Id.* Plaintiff asserts that "it is no secret with this Court that [she] ha[s] not physically resided at the address on file since moving from 3rd Street in late 2022," *id.* at 2, but there is nothing on the docket demonstrating that Plaintiff ever informed the Court of a change in address and every filing from Plaintiff has listed the same 186 W. 3rd Street address. *See, e.g.*, Exhibits Not Included But Intended To Be In Support of Motion To Expedite By Plaintiff[] 1, ECF No. 89 (filed October 7, 2024 and listing Plaintiff's address as 186 W. 3rd Street in the signature block). The Court has given Plaintiff significant leeway as a

15

*pro se* litigant, but she is "not entitled to a general dispensation from the rules of procedure or court-imposed deadlines." *Roldan v. Coca Cola Refreshments USA, Inc.*, No. 20 C 305, 2021 WL 38139, at *1 (N.D. Ill. Jan. 5, 2021); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

Even if the response had been timely filed, it still must be stricken on other grounds. Civil Local Rule 7.1(B)(4)(a) sets a 15-page limit for a memorandum filed in response to a motion; Plaintiff's response is 43 pages without exhibits. Additionally, some of the exhibits attached to the response violate Federal Rule of Civil Procedure 5.2(a) and Civil Local Rule 5.11(A) because they contain unredacted private information about Plaintiff's minor children. *See, e.g.*, Dec. 11, 2024 Peoria County Court Order, Pl.'s Rebuttal Mot. Sanctions Ex. AC, ECF No. 97-4. For these reasons, Plaintiff's response is STRICKEN and the Court will not consider it. The Clerk is directed to SEAL "Plaintiff's Rebuttal to the City's Motion to Sanction the Plaintiff[]" in its entirety.

Turning to the merits of the Motion for Sanctions: The City Defendants do not specify a desired sanction—only that it be "appropriate." City Defs.' Mem. Supp. Mot. Sanctions 4. A litigant representing herself—as Plaintiff is here—is not immune from sanctions but should generally be afforded some leniency from the Court. *See Smith v. U.S. Dep't of Educ.*, No. 1:20-CV-474, 2021 WL 8894926, at *3 (N.D. Ind. Oct. 11, 2021) ("Pro se parties are subject to sanctions, but courts traditionally afford parties representing themselves some leeway." (alterations and quotation marks omitted)). Because the Court is denying Plaintiff leave to amend her complaint and thereby ending this lawsuit, it is unnecessary to impose independent sanctions on Plaintiff. Accordingly, the City Defendants' Motion for Sanctions is DENIED.

**III.    Plaintiff's Motion to Introduce Additional Claim Against Defendants**

Plaintiff requests leave of Court to add an additional claim against "Judge Lane, Judge Brown (Peoria), DCFS, Patricia Allen, Jenise Jackson, Lutheran Social Services, Lexi Hager and Kim Dutton and others," asserting that they should be held responsible for the "unfortunate and untimely death" of Plaintiff's mother, Jeannette Moultrie, and near-death of one of Plaintiff's children. *See generally* Mot. Introduce Additional Claim. She alleges that Defendants committed involuntary manslaughter in violation of 720 ILCS 5/9-3. Plaintiff also filed nearly 200 pages of exhibits consisting of screenshots of text communications between herself and DCFS and LSSI employees which, she argues, support her "claim regarding these workers negligence and reckless behavior and their and DCFS' culpability regarding the Defendant's harassment of the Plaintiffs, child Endangerment of the minor Plaintiffs particularly the Walker children; and the wrongful death and Manslaughter and/or Reckless Homicide of Moultrie." Additional Claim Exhibits 1, ECF No. 99; *see also* Additional Claim Exhibits, ECF No. 100. The City Defendants and the LSSI Defendants oppose Plaintiff's motion as frivolous and futile. City Defs.' Opp. Pl.'s Mot. Am. Compl., ECF No. 101; LSSI Defs.' Resp. Opp. Pl.'s Mot. Introduce Additional Claim, ECF No. 102. Plaintiff filed two replies but did not seek leave of Court and so the Court does not consider them. *See* Pl.'s Counter-Arg. To City Defs.' Opp., ECF No. 103; Pl.'s Resp. LSSI Defs.' Resp., ECF No. 104. Plaintiff's Motion to Introduce Additional Claim Against Defendants is denied for two reasons.

First, the Court admonished Plaintiff to include all proposed amendments in her motion for leave to file a Second Amended Complaint. *See* May 13, 2024 Text Order ("The Court does not accept piecemeal amendments. Any proposed amended complaint attached as an exhibit must include all the amendments Plaintiff wishes to make."). The Court is within its discretion

17

to deny leave to amend when a plaintiff has failed to comply with court orders. *See Stanard*, 658 F.3d at 793 (affirming dismissal because "[the plaintiff]'s persistent failure to comply with basic directions from the court and his open defiance of court orders amply justified the judge's decision to dismiss with prejudice").

Second, there is no private right of action for Plaintiff to prosecute violations of Illinois criminal law. "[T]he Criminal Code is clear that no private causes of action are contained therein." *O'Malley v. Adams*, 227 N.E.3d 800, 811 (Ill. App. Ct. 2023) (quotation marks omitted), *appeal allowed*, 226 N.E.3d 19 (Ill. 2024). And as stated above, this Court cannot directly enforce alleged violations of state law. *See Allison*, 332 F.3d at 1079.

Accordingly, Plaintiff's Motion to Introduce Additional Claim Against Defendants is DENIED. Furthermore, the Exhibits submitted in support of the Motion to Introduce Additional Claim Against Defendants contain private information about Plaintiff's minor children in violation of Federal Rule of Civil Procedure 5.2(a) and Civil Local Rule 5.11(A). The Clerk is directed to SEAL and STRIKE the forenamed Exhibits, ECF Nos. 99 & 100.

## CONCLUSION

For the foregoing reasons, Plaintiff Chariot Campbell's Amended Complaint, ECF No. 82, construed as a motion for leave to file a Second Amended Complaint, is DENIED; Defendants City of Galesburg, Officer Swanson, Officer Sage, Officer Sweeney, and Officer Olinger's Motion for Sanctions, ECF No. 95, is DENIED; and Plaintiff's Motion to Introduce Additional Claim Against Defendants, ECF No. 98, is DENIED.

The Clerk is directed to STRIKE "Plaintiff's Counter-Argument to Defense's Motion to Oppsose [sic] Plaintiff's Amended Complaint," ECF No. 86; SEAL and STRIKE "Plaintiff's Rebuttal to the City's Motion to Sanction the Plaintiff[]," ECF No. 97; SEAL and STRIKE

Plaintiff's Exhibits submitted in support of the Motion to Introduce Additional Claim Against Defendants, ECF Nos. 99 & 100; STRIKE "Plaintiff's Counter-Argument to City of Galesburg and It's [sic] Officers Opposition for Plaintiff[] to Amend Her Complaint," ECF No. 103; and STRIKE "Plaintiff's Response to Defendants Lutheran Social Services and its' Employee's [sic] Response to Plaintiff's Additional Claims," ECF No. 104.

Defendants Olinger, Sweeney, and Sage were dismissed from this suit without prejudice on July 6, 2023. *See* July 6, 2023 Text Order. This suit is dismissed against the remaining Defendants WITH PREJUDICE. The Clerk is directed to enter judgment and close the case.

Entered this 5th day of March, 2025.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
